UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cherrity Honesty-Alexis Meranelli, | Case No. 23-cv-2260 (JWB/DJF) |
| Plaintiff, | |
| v. | ORDER AND<br>REPORT AND RECOMMENDAITON |
| Jesse Ryan Pruette, Jane Does, and John Does, | |
| Defendants. | |

This matter is before the Court on three self-styled motions Plaintiff Cherrity Honesty-Alexis Meranelli filed on February 23, 2024: (1) Motion to Strike First Affirmative Defense of Failure to State A Claim in Defendant's Answer And Notice ("Motion to Strike") (ECF No. 44); Motion To Compel Defendant's Counsel of Record to Add Contact Information to Privileged Call List and Notice ("Motion to Compel Contact Information") (ECF No. 48); and Amended Motion to Compel Discovery Request Sets I, III, IV, V & VI and Notice  ("Motion to Compel Discovery") (ECF No. 54).  The Court recommends Ms. Meranelli's Motion to Strike be denied and denies Ms. Meranelli's Motion to Compel Contact Information.  The Court Grants Ms. Meranelli's Motion to Compel in part and denies it in part.

BACKGROUND

Ms. Meranelli is civilly committed to the Minnesota Sex Offender Program ("MSOP"). (ECF No. 1 ¶ 6).  She filed a Complaint (*id*) on July 31, 2023 alleging that Defendant Jesse Ryan Pruette —a security counselor at the MSOP—"disallow[ed]" her from owning a "transparent lace cover-up while allowing the exact same material (i.e. transparent lace cover-up) for ownership by another person same or similarly situated." (*Id.* ¶ 2a.)  Ms. Meranelli alleges that after she purchased a transparent lace cover-up, Mr. Pruette told her it was not allowed in the MSOP because

it was transparent. (*Id.* ¶ 12.) She attests that "right before" she purchased the transparent lace cover-up she "observed first hand that another patient," who is also a transgender female living on the same unit, "was wearing the exact same Cover-up." (*Id*. ¶¶ 13-14.) Ms. Meranelli refers to this other individual as "Doe". She alleges Mr. Pruette processed both cover-ups and allowed the transparent lace cover-up for Doe but not for her. (*Id.* ¶ 13.)

Mr. Pruette answered Ms. Meranelli's Complaint on November 15, 2022 ("Answer") (ECF No. 22). His Answer included an affirmative defense on grounds that Ms. Meranelli's Complaint fails to state a claim upon which relief can be granted ("Affirmative Defense") (*id.* at 4).

I.      **Motion to Strike**

Ms. Meranelli moves to strike Mr. Pruette's Affirmative Defense pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 45 at 5.) She claims her motion is justified "to avoid unnecessary time and money in litigating invalid spurious issues." (*Id.* at 2.)

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The Eighth Circuit has long held that motions to strike are viewed with disfavor and are infrequently granted." *U.S. Bank Nat. Ass'n v. Educ. Loans Inc.*, Civ. No. 11-1445 RHK/JJG, 2011 WL 5520437, at *6 (D. Minn. Nov. 14, 2011) (quoting *Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir.2000) (internal quotation marks and citation omitted). "A motion to strike a portion of the pleadings is a drastic remedy …." *Vernon J. Rockler & Co., Inc. v. Minneapolis Shareholders Co.*, 69 F.R.D. 1, 5 (D. Minn. 1975).

Courts outside this district have reached differing conclusions on whether failure to state a claim is considered an affirmative defense. *See Leonard v. Lentz*, Civ. No. 17-3037-LRR, 2017 WL 11453698, at *3 (N.D. Iowa Aug. 8, 2017) (collecting cases). At least one court in this district

has considered this issue. *U.S. Bank Nat. Ass'n*, 2011 WL 5520437 at *7. It held that "failure to state a claim is not technically an affirmative defense," but declined to strike it. *Id.* The court reasoned that striking the defense "would serve no real purpose" and that the defendants had "done what Rule 12(h) contemplates by raising the defense in their Answer, although they [had] mislabeled it." *Id.* The court further characterized the motion to strike as "much ado about nothing," doing "little to advance or streamline the action." *Id.* at *6 n.5.

While Ms. Meranelli argues her Motion to Strike is necessary to avoid unnecessary time and money spent litigating invalid issues, it actually does the opposite. Whether Mr. Pruette's Affirmative Defense is properly pleaded under the heading "affirmative defenses" or elsewhere in his Answer has no practical significance or effect on the litigation. *Id.* at *7. The drastic remedy of striking the defense would therefore serve no real purpose, and would only incentivize additional unnecessary motion practice. The Court recommends Ms. Meranelli's Motion to Strike be denied for these reasons.

**II.     Motion to Compel Contact Information**

Ms. Meranelli's Motion to Compel Contact Information requests that defense counsel add their contact information to the MSOP's "Privileged Call List". She argues this information is needed to facilitate her ability to communicate with them as required by the Court's meet-and-confer rules. (ECF No. 45 at 1-5.)

For safety and security reasons, most calls placed or received by MSOP residents are recorded and subject to review. (ECF No. 62 ¶ 3.) The Privileged Call List is the only exception. It facilitates MSOP residents seeking or receiving privileged legal advice from their own attorneys. (*Id.*) The Privileged Call List includes the names of various attorneys, as well as other approved groups and agencies that assist with legal issues. (*Id.* ¶ 4.) MSOP officials are the only ones who

3

can update the list. (*Id.* ¶ 5.) For safety and security reasons, the MSOP and the Commissioner of the Department of Human Resources do not permit attorneys from the Office of the Attorney General to be included on the list, in part because unrecorded conversations with opposing counsel have led to threats of violence in the past. (*Id.* ¶ 6.)

The Court recognizes Ms. Meranelli's desire to access a private telephone line to communicate with opposing counsel, but she is not legally entitled to such a privilege. *C.f. Hari v. Smith*, No. 20-CV-1455 (ECT/TNL), 2022 WL 1122940, at *31 (D. Minn. Jan. 31, 2022), *report and recommendation adopted*, No. 20-CV-1455 (ECT/TNL), 2022 WL 612100 (D. Minn. Mar. 2, 2022) (holding detainee "had a reasonable expectation of privacy in the calls she made to her attorney …."). In fact, defense counsel's affirmative obligation to disclose to the MSOP anything material that happens in their communications with MSOP residents while acting as opposing counsel necessarily negates the purpose of the privileged phone line. *See* Minn. R. Prof. Conduct 1.4 (duty of disclosure); *see also Baker v. Humphrey*, 101 U.S. 494, 501 (1880) ("It is the duty of an attorney to advise the client promptly whenever he has any information to give which it is important the client should receive."). Further, the record reflects that Ms. Meranelli has been able to meet and confer with defense counsel despite the exclusion of defense counsel from the Privileged Call List. (*See, e.g.*, ECF Nos. 46, 51, 57.) For these reasons, the Court denies Ms. Meranelli's Motion to Compel Contact Information.

### III. Motion to Compel Discovery

Before the Court issued a Pretrial Scheduling Order, Ms. Meranelli served on Mr. Pruette six different discovery requests sets that included a total of 15 interrogatories, 15 document requests, and 19 requests for admission. (*See* ECF No. 37-1; *see also* ECF No. 31 at 3; ECF No. 32.) The parties agreed Mr. Pruette's deadline to respond to Ms. Meranelli's discovery

requests was January 12, 2024. (*See* ECF No. 31 at 3.) Mr. Pruette timely served his responses. (ECF No. 37-1.)

On February 9, 2024, Ms. Meranelli filed a motion to compel responses to her discovery requests (ECF No. 35). On February 12, 2024, the Court ordered the parties to meet and confer and engage in a good faith effort to narrow the discovery disputes identified in Ms. Meranelli's motion. (ECF No. 41.) The parties met the following day and agreed Ms. Meranelli would prepare an amended motion to narrow or clarify the disputed issues. (ECF No. 65 ¶¶ 6-7; ECF No. 65-1 at 8-10.) During a subsequent meet and confer on February 14, 2024, the parties stipulated Ms. Meranelli would withdraw her initial motion and file an amended motion to compel that narrowed and clarified the issues. (ECF No. 42.) On February 15, 2024, the Court approved the parties' stipulation and denied Ms. Meranelli's initial motion to compel discovery as moot. (ECF No. 43.) Ms. Meranelli filed her amended Motion to Compel Discovery on February 23, 2024 (ECF No. 54.) Despite the parties' attempt to narrow the issues, Ms. Meranelli's amended Motion to Compel is substantially similar to her initial motion. (*Compare* ECF No. 35 *with* ECF No. 54.) Ms. Meranelli asks the Court to "compel responses to and determine the propriety of objections to certain requests" in her First Request for Interrogatories and Documents and Third, Fourth, Fifth, and Sixth Sets of Discovery Requests. (ECF No. 54 at 1; *see also* ECF No. 55.)

### A.     Legal Standard

Federal Rule of Civil Procedure 26 governs discovery in federal court, allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While Rule 26 contemplates liberal disclosure, discovery is not unlimited. *See, e.g.*, *Hecht v. Pro-*

*Football, Inc.*, 46 F.R.D. 605, 607 (D. D.C. 1969) ("Modern civil procedure in the Federal courts contemplates liberal disclosure … Nevertheless, discovery is not unbridled and not unlimited.").

The party seeking discovery must make a threshold showing that the discovery is relevant under Rule 26(b)(1). *Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *Inline Packaging, LLL v. Graphic Packaging Int'l, Inc.* Civ. No. 15-3183 (ADM/LIB), 2016 WL 6997113, at *7 (D. Minn. Sept. 6, 2016) (quoting *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)). A party has "no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1), advisory committee's note (2000); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) ("Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.").

### B.     Analysis

Upon careful review of Mr. Pruette's discovery responses, the Court finds that he properly objected or responded to most of Ms. Meranelli's discovery requests but grants Ms. Meranelli's motion to the limited extent set forth herein. (*See* ECF No. 37-1.)

#### 1.     First Request for Interrogatories and Documents

Ms. Meranelli's First Request for Interrogatories and Documents consists of four interrogatories and three requests for documents (ECF No. 37-1 at 3-5). Her interrogatories asked Mr. Pruette to identify: (1) the name and contact information for the person helping Mr. Pruette to prepare his responses; (2) the names and contact information of individuals likely to have discoverable information and the nature of the discoverable information; (3) a damages

computation; and (4) the identification of any expert witness Mr. Pruette may use at trial. (ECF No. 37-1 at 3-4.) Mr. Pruette: (1) responded that he prepared his interrogatories with the assistance of counsel; (2) provided the names and contact information of individuals who may have discoverable information, reserving his right to supplement that information after completing discovery; (3) explained that Mr. Pruette did not claim damages in this matter; and (4) reserved his right to identify expert witnesses when that information is known. (*Id.*)

Ms. Meranelli's request for documents asked Mr. Pruette to provide: (1) a description or copy of any document he may possess to aid in his defense; (2) any document used to calculate damages; and (3) any insurance policy that may apply if he is found liable in this matter. (*Id.* at 4-5.) Mr. Pruette: (1) listed a contraband notice and several MSOP policies that he would produce with a protective order, reserving his right to supplement his response; (2) reiterated that he did not claim damages in this matter; and (3) stated there was no applicable insurance policy.

Ms. Meranelli fails to identify any particular alleged deficiency in Mr. Pruette's responses to her First Request for Interrogatories and Documents (*see* ECF No. 55). She has neither identified any person or category of people with discoverable information whose names Defendant has withheld, nor shown he is withholding documents he intends to use in his defense. Moreover, pursuant to the parties' Rule 26(f) Report, neither party anticipates using expert witnesses at trial. (*See* ECF No. 31 at 3.) Should any party later determine expert witnesses are necessary, that party must move the Court to amend the Pretrial Scheduling Order to add deadlines for expert witness disclosures. But under the circumstances, there is nothing deficient in Mr. Pruett's failure to identify expert witnesses now. Moreover, Mr. Pruette is quite correct that he need not prepare a damages calculation since he has asserted no damages claim. That burden falls solely to Plaintiff as the only party seeking damages. Mr. Pruette has otherwise answered Ms. Meranelli's first set

of interrogatories and document requests, and the Court cannot conclude Rule 26 requires anything beyond what Mr. Pruette has already provided. His responses are appropriately tailored to Ms. Meranelli's requests and proportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b).

### 2. Requests for Information Regarding Other MSOP Residents

Interrogatories 2 and 3 (Set III), Requests for Admission 1 and 2 (Set III), Document Requests 1-8 (Set III), and Requests for Admission 8-10 and 13-14 (Set VI) all seek information regarding other MSOP residents who are not relevant to this action. (*See* ECF No. 37-1 at 9-13, 30-32.) Mr. Pruette objected to these requests, in part, on the ground that they are outside the scope of the allegations and claims Ms. Meranelli pleaded in her Complaint. (*See* ECF No. 37-1 at 9-13, 30-32.) The Court largely agrees.

Ms. Meranelli's Complaint alleges that "another patient," a single individual she refers to as "Doe", is the "same or similarly situated in all relevant characteristics" as Ms. Meranelli. (ECF No. 1 ¶¶ 13, 14.) Ms. Meranelli alleges she personally observed this individual "wearing the exact same Cover-up" she ordered, and that Doe is a transgender female "located on the same living unit" as she is. (*Id.*) While Ms. Meranelli refers to this individual as "Doe," her Complaint includes no allegation supporting an inference that Ms. Meranelli actually is unable to identify the sole individual whose alleged disparate treatment underlies her claim. (*See generally* ECF No. 1.) Her failure to plead this key piece of information does not entitle her to potentially invasive discovery related to other MSOP residents, who do not reasonably bear upon the issues in this case. *Hofer*, 981 F.2d at 380.

### 3. Third Set of Discovery Requests

Ms. Meranelli's Third Set of Discovery Requests consists of four interrogatories, eight requests for documents, and two requests for admissions. (*Id.* at 9-13.) In addition to the above-

stated objection, Mr. Pruette also objected to Requests for Admission 1 and 2 in Set III on the ground that they were vague and ambiguous. (ECF No. 37-1 at 12-13.) Those requests ask Mr. Pruette to admit that "Plaintiff is same or similarly situated to [two other identified residents] as to all relevant circumstances of the Complaint." (*Id.*) But as previously noted, the two individuals identified in these requests are not named anywhere in Ms. Meranelli's Complaint, such that any apparent relevance to the claims pleaded is lacking. Furthermore, requests for admission "are not to be employed as a means to establish facts which are obviously in dispute or to answer questions of law." *Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997). These requests for admission improperly seek to force Mr. Pruette state a legal conclusion as to whether she is "similarly situated" with other residents. Mr. Pruette properly objected to them on this basis.

Mr. Pruette objected to Plaintiff's other requests in Set III on the additional basis that they are overbroad and disproportionate to the needs of the case. (ECF No. 37-1 at 10-12.) Ms. Meranelli's Requests for Documents 1-3 and 4-6 seek, with respect to two other MSOP residents: documents reflecting every property item that has ever been secured for each resident for the entire history of that resident's commitment at MSOP "till 2 current date" (Request Nos. 1, 4); documents "showing any permission for [each resident] to own any type of clothing" for the entire history of that resident's commitment at MSOP (Request Nos. 2, 5); and mental health assessment reports for each resident (Request Nos. 3, 6). (ECF No. 37-1 at 10-12.) These requests are not tailored to the allegations in the Complaint and seek to broadly invade the privacy of the two residents at issue without any showing of relevance. The Court sustains Mr. Pruette's objection to these requests on grounds of relevance and proportionality for these reasons.

Ms. Meranelli's Request No. 7 seeks the "property records" of any MSOP resident who may have purchased "a duster or same or similar clothing in the year 2023." (ECF No. 37-1 at 12.) While the Court finds this request is vague and overbroad, whether similarly situated residents were granted or denied permission for clothing similar to the item Plaintiff was denied is potentially relevant to her class-of-one discrimination claim as well as Defendant's potential defenses to that claim. The Court thus will grant Plaintiff's Motion to Compel Discovery in response to this request to the limited extent that it seeks: *records sufficient to identify any other MSOP resident who was either granted or denied permission to possess a transparent lace cover-up in 2023, and whether such permission was granted or denied*.

### 4. Fourth Set of Discovery Requests

Ms. Meranelli's Fourth Set of Discovery Requests consists of two interrogatories. (ECF No. 37-1 at 17-18.) Interrogatory 1 asks Mr. Pruette to "[i]dentify the person responding to these requests by stating the full legal name of the person(s), the address of the individual(s), the phone number of the individuals, and, if these requests are responded by a law office or any assistance of a lawyer or law office, please state the name of the law office, the law office address, and phone number to the law office." (ECF No. 37-1 at 17.) Mr. Pruette responded that he prepared his interrogatories with the assistance of counsel and the official-capacity authorized representative whose name appears in the verification. He objected to responding further on the grounds that the interrogatory was compound, overly broad, and unduly burdensome.[1] (*Id.*) Interrogatory 2 asks Mr. Pruette to "[i]dentify with specificity on what facts each of your Affirmative Defenses listed in the Answers is based upon." (*Id.* at 17-18.) Mr. Pruette responded that the affirmative defenses

---

[1] Defense counsel's names, address, email addresses and phone number are readily available in the court docket and signature blocks of documents filed by the defense in this matter. Ms. Meranelli should direct any communications with the MSOP regarding this litigation through defense counsel.

included in his Answer were based on the information reasonably available to him as of the date of his Answer and were asserted in good faith, and further explained in detail the underlying bases for his affirmative responses. The Court finds Mr. Pruette's responses are proportionate to the needs of this case and Rule 26 does not require any additional response. *See* Fed. R. Civ. P. 26(b).

### 5. Fifth Set of Discovery Requests

Ms. Meranelli's Fifth Set of Discovery Requests consists of two interrogatories, one request for documents, and two requests for admissions. (ECF No. 37-1 at 22-23.) The first interrogatory mirrors that in her Fourth Set of Discovery Requests and requires no additional response. (*Id.* at 22.) Ms. Meranelli's requests for admissions ask Mr. Pruette to admit that the Court "has subject matter jurisdiction over this Action," "has in personam jurisdiction over the Defendant," and "is a proper venue to hear this Action." (*Id.* at 23.) Interrogatory 2 and Document Request 1 seek the factual and legal grounds for any answer to her requests for admission that is not an unqualified admission. (*Id.* at 22-23.)

Mr. Pruette objected to these requests as seeking legal conclusions and further noted they seek irrelevant information given that Mr. Pruette has not contested either jurisdiction or venue. (*Id.*) The Court agrees. Since jurisdiction and venue are uncontested, any discovery related to these issues would be disproportionate to the needs of this case. Moreover, it is improper to use requests for admission to seek answers to pure questions of law, such as these. *Lakehead Pipe Line Co.*, 177 F.R.D. at 458 (request for admission involving "a pure matter of law" is inappropriate). The Court therefore declines to compel any additional response to Ms. Meranelli's Fifth Set of Discovery.

6. **Sixth Set of Discovery Requests**

Ms. Meranelli's Sixth Set of Discovery Requests consists of three interrogatories, two request for documents, and fourteen requests for admissions. (ECF No. 37-1 at 28-32.) The first interrogatory mirrors that in her Fourth and Fifth Set of Discovery Requests and requires no additional response. (*Id.* at 28.) Interrogatory Number 2 seeks a clear explanation regarding anything less than unqualified admission in answer to any of Ms. Meranelli's requests for admissions, discussed below. Interrogatory Number 3 asks Mr. Pruette to "describe with specificity how the item described on the Contraband Notice dated July 13, 2023 that was issued by the Defendant identified as a 'black lace duster' violated MSOP Dress Code Policy Number 420-5020." (*Id.* at 28.) Mr. Pruette sufficiently answered this interrogatory, stating that the clothing violated MSOP policy because it was "transparent." (ECF No. 37-1 at 29.) Ms. Meranelli's motion is thus denied as to Interrogatory Number 3.

The first request for documents asks Mr. Pruette to produce supporting documents to the extent any of his answers to the requests for admissions is anything other than an unqualified admission, discussed below. Document Request Number 2 seeks documents "showing how clients at the MSOP-ML are assigned Primary Property Persons." (*Id.* at 29.) Mr. Pruette objected to this document request on grounds that it is overbroad, vague and ambiguous. Ms. Meranelli argues this information is relevant "because it tends to show [who] processed Ms. Meranelli's property, including but not limited to the black lace duster." (ECF No. 55 at 11.) The Court agrees this request is vague and overbroad but finds the identity of any MSOP employee who processed the particular clothing item at issue is relevant to her class-of-one discrimination claim. The Court therefore grants Ms. Meranelli's motion to compel a response to this request to the limited extent

12

that it seeks: *Records sufficient to identify any MSOP employee who processed the transparent lace cover-up described in paragraphs 11 and 12 of Plaintiff's Complaint (ECF No. 1)*.

Ms. Meranelli's requests for admission seek admissions related to mail policies at the MSOP, a contraband notice regarding Ms. Meranelli's cover-up, Ms. Meranelli's detention at the MSOP, information about other MSOP residents, and the role and responsibilities of Primary Property Persons at the MSOP. (*Id.* at 29-32.)

Mr. Pruette offered qualified admissions to nine of Ms. Meranelli's requests for admissions, denied one request related to the Primary Property Person's job duties, and objected to all requests related to other MSOP residents not relevant to this case. (*Id.*) Upon review, the Court cannot conclude that Rule 26 requires anything more than the information Mr. Pruette has already provided in response to Ms. Meranelli's Sixth Set of Requests for Admissions. As discussed above, Ms. Meranelli is not entitled to discovery related to other MSOP residents who do not reasonably bear upon allegations pleaded in her Complaint. *Hofer*, 981 F.2d at 380. To the extent she seeks additional information related to any other request, Ms. Meranelli has not met her burden to show that Mr. Pruette's previous responses were deficient. *See* Fed. R. Civ. P. 26(b)(1). Ms. Meranelli's motion to compel is denied as to Interrogatory Number 2 and Requests for Admissions 1-14 for these reasons.

But to the extent Mr. Pruette's answers to Ms. Meranelli's Sixth Set of Requests for Admissions refer to documents that have not already been produced in discovery, Ms. Meranelli is entitled to such documents (*see, e.g.,* ECF No. 37-1 at 30, Answers to Requests for Admission Numbers 4 and 7 citing MSOP policies). The Court therefore grants in part Document Request

Number One to the limited extent that it seeks: *Any documents not previously produced that Defendant cites in his Answers to Plaintiff's Sixth Set of Requests for Admissions.*

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Ms. Meranelli's Motion to Compel Defendant's Counsel of Record to Add Contact Information to Privileged Call List and Notice (ECF No. [48]) is **DENIED**.

2. Ms. Meranelli's Amended Motion to Compel Discovery Request Sets I, III, IV, V & VI and Notice (ECF No. [54]) is **GRANTED IN PART**, as limited consistent with the foregoing opinion, with respect to the following requests:

    a. Discovery Set III, Document Request Number 7;

    b. Discovery Set VI, Document Request Number 1; and

    c. Discovery Set VI, Document Request Number 2.

3. Ms. Meranelli's Amended Motion to Compel Discovery Request Sets I, III, IV, V & VI and Notice (ECF No. [54]) is otherwise **DENIED**.

## RECOMMENDAITON

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENEDED** that Ms. Meranelli's Motion to Strike First Affirmative Defense of Failure to State a Claim in Defendant's Answer And Notice (ECF No. [44]) be **DENIED**.

Dated: March 12, 2024          *s/ Dulce J. Foster*
                               DULCE J. FOSTER
                               United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).