UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cherrity Honesty-Alexis Meranelli, | Case No. 23-cv-2260 (JWB/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDAIOTN |
| Jesse Ryan Pruette, Jane Does and John Does, | |
| Defendants. | |

This matter is before the Court on Plaintiff Cherrity Honesty-Alexis Meranelli's self-styled Motion for Sanctions, Spoliation, Protective Order, and Notice ("Motion") (ECF No. 73).[1] For the reasons below, the Court recommends Ms. Meranelli's Motion be denied because it is both factually and legally deficient.

## BACKGROUND

Ms. Meranelli is civilly committed to the Minnesota Sex Offender Program ("MSOP"). (ECF No. 1 ¶ 6). She filed a Complaint (*id.*) on July 31, 2023 alleging that Defendant Jesse Ryan Pruette —a security counselor at the MSOP—"disallow[ed]" her from owning a "transparent lace cover-up while allowing the exact same material (i.e., transparent lace cover-up) for ownership by another person same or similarly situated." (*Id.* ¶ 2a.) Ms. Meranelli alleges that after she purchased a transparent lace cover-up, Mr. Pruette told her it was not allowed in the MSOP because it was transparent. (*Id.* ¶ 12.) She attests that "right before" she purchased the transparent lace cover-up she "observed first hand that another patient," who is also a transgender female living on

---

[1] The record does not reflect that Ms. Meranelli met and conferred with Defendants prior to filing her Motion as required by Local Rule 7.1(a). The Court cautions Ms. Meranelli that moving forward, it will not entertain any motion unless she fully complies with all rules. This includes the meet-and-confer requirement.

the same unit, "was wearing the exact same Cover-up." (*Id*. ¶¶ 13-14.) Ms. Meranelli refers to this other individual as "Doe". She alleges Mr. Pruette processed both cover-ups and allowed the transparent lace cover-up for Doe but not for her. (*Id*. ¶ 13.)

I.  **Property Compliance Check**

On February 29, 2024, two MSOP employees who are not parties to this litigation informed Ms. Meranelli that she was subject to a property check to ensure her compliance with the MSOP's client property policy, which requires the quantity of residents' personal property not to exceed what can fit within three storage bins. (ECF Nos. 84 ¶¶ 6-11; 84-1 at 2, 4; 8-22.) Ms. Meranelli was previously authorized to store her legal materials relating to previous lawsuits in a fourth storage bin, but her permission lapsed after those lawsuits concluded and MSOP personnel determined she was using the extra bin to store personal items. (ECF No. 84 ¶¶ 7-8.) MSOP staff gave Ms. Meranelli two-hours advance notice to comply with the three-bin property limit and advised her that excess property outside of the three bins would be deemed contraband (*Id*. ¶¶ 9, 11.)

Ms. Meranelli did not comply with the three-bin property limit. (*Id*. ¶ 12.) MSOP staff therefore secured her extra property, including three large bags of items including "clothes, shoes, and miscellaneous items." (ECF No. 84 ¶ 13; ECF No. 84-1 at 4.) They also disposed of one large bag of items Ms. Meranelli designated as trash, including empty soft drink and food containers and stale food. (*Id*. ¶¶ 13, 14; ECF No. 84-1 at 2.) The trash bag did not include any legal papers. (*Id*. ¶ 13.) MSOP staff issued Ms. Meranelli a contraband notice related to her extra property (ECF No. 84-1 at 6) and placed all of the items they retained on a legal hold. (ECF No. 84 ¶¶ 13, 14.) According to the MSOP, Ms. Meranelli may submit a "client request" for permission to view the

2

excess property items to the extent any of the property includes legal materials, and to retain those materials so long as she complies with the three-bin property limit. (*Id.* ¶ 14.)

## II.     Ms. Meranelli's Motion

Ms. Meranelli claims "Defendants in this Matter have committed spoliation of the evidence in this Action," because "the Defendant has disposed of the evidence and legal papers related to this Action that they have sent to Ms. Meranelli and took the custody and control out of Ms. Meranelli's custody and control." (ECF 74 at 2.) In an Affidavit, Ms. Meranelli describes the allegedly spoliated evidence as "all of the files (including evidentiary files) pertinent to this Action as well as other evidence that would have come in useful in this Action." (ECF No.75 at 3.) In the memorandum supporting her Motion, Ms. Meranelli describes the evidence at issue as "the evidence and legal papers related to this Action that [defendants] have sent"; "policies and property forms"[2]; "answers to the Complaint"; "a copy of the Defendant's answers to the second request for discovery by Ms. Meranelli"; "gender affirming property (i.e., female clothing, undergarments, etc.)"; and "the files (including evidentiary files) pertinent to this Action". (ECF 74 at 4, 8-9.)

Ms. Meranelli seeks a "protective order to prohibit the Defendant from removing [her] files for this Action." (*Id.* at 7.) She also asks the Court to use its inherent authority to impose sanctions on Defendants, including the immediate return of all missing items, a $5,000 fine, barring Defendants from conducting property compliance checks or removing her property in the future, adequate storage for her belongings, and disallowing any evidence contradicting Ms. Meranelli's testimony. (*Id.* at 10-11.) Alternatively, she asks the Court to grant default judgment in her favor. (*Id.* at 12.)

---

[2] Defendant Jason Ryan Pruette's document production included copies of relevant MSOP policies, as well as a copy of a property contraband form relating to the transparent lace cover-up underlying Ms. Meranelli's claims. (ECF No. 83 ¶ 3.)

3

## DISCUSSION

### I. Spoliation

Spoliation is "the intentional destruction of evidence." *In re Petters Co., Inc.*, 606 B.R. 803, 821 (D. Minn. 2019); *see also Rao v. St. Jude Medical S.C., Inc.*, 631 F. Supp. 3d 678, 712 (D. Minn. 2022) ("Spoliation is the intentional destruction of evidence for the purpose of suppressing the truth that results in prejudice to the moving party") (citation omitted). A party bringing a motion for sanctions based on alleged spoliation of evidence bears the burden of establishing that specific evidence existed that was destroyed. *Rao*, 631 F. Supp. 3d at 715.

### II. Analysis

Based on the facts before it, the Court cannot conclude that spoliation has occurred. While Ms. Meranelli claims certain documents were removed from her room—including copies of pleadings, discovery responses, and certain document production—these items are simply paper copies of case documents, all of which remain available. (*See* ECF No. 74 at 4, 8-9, describing the allegedly spoliated evidence.) Ms. Meranelli does broadly state her "evidentiary files" were spoliated, but she does not identify any specific document, material, or item related to this case that Defendants or anyone else allegedly removed or destroyed. (*See id.*)

Further, to the extent MSOP staff removed certain items or documents from Ms. Meranelli's room subject to her violating the three-bin policy, those items are subject to a legal hold but have not been destroyed. (ECF No. 84 ¶¶ 13, 14.) Ms. Meranelli may access the items by following appropriate procedures and MSOP rules. (*Id.* ¶ 14.) Alternatively, Ms. Meranelli may request Defendants to provide copies of any missing document—something she could, and should have done in a meet-and-confer call with defense counsel before filing her motion. Because Ms. Meranelli cannot identify any evidence that was intentionally destroyed for the purposes of

suppressing the truth, the Court recommends that her Motion be denied. *Rao*, 631 F. Supp. 3d at 715. Finding that no spoliation has occurred or is likely to occur, the Court recommends Ms. Meranelli's requests for a protective order and sanctions be similarly denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENEDED** that Plaintiff Cherrity Honesty-Alexis Meranelli's self-styled Motion for Sanctions, Spoliation, Protective Order, and Notice (ECF No. [73]) be **DENIED**.

Dated: April 24, 2024                    *s/ Dulce J. Foster*
                                         Dulce J. Foster
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).