UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cherrity Honesty-Alexis Meranelli, | Case No. 23-cv-2260 (JWB/DJF) |
| Plaintiff, | |
| v. | ORDER |
| Jesse Ryan Pruette, Jane Does and John Does, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Cherrity Honesty-Alexis Meranelli's self-styled Motion for Appointment of Counsel, or to Refer Ms. Meranelli to the FBA Pro Se Project and Notice ("Motion") (ECF No. 88). Ms. Meranelli is civilly committed to the Minnesota Sex Offender Program ("MSOP"). (ECF No. 1 ¶ 6.) She asks the Court to appoint her an attorney to "equalize the tables" with Defendant's skilled attorney, and because counsel will better assist her and the Court as this case approaches settlement negotiations and trial. (ECF No. 89 at 1-2.) She argues appointment of counsel is appropriate because: (1) this matter is factually and legally complex; (2) she lacks the ability to further investigate the facts in this matter; (3) she expects conflicting testimony that counsel will be better able to address; (4) she is unskilled in the law related to discrimination claims; and (5) she has made previous unsuccessful attempts to obtain counsel. (*Id.* at 7-9.) Alternatively, Ms. Meranelli asks the Court to refer this matter to the Federal Bar Association, which has a panel of volunteer lawyers who can sometimes assist pro se litigants such as herself. (*Id.* at 9-10.)

There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Whether to appoint counsel in a civil proceeding

like this one is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases).

While the Court recognizes Ms. Meranelli's strong desire for the appointment of counsel, the Court denies her Motion because it is not yet apparent that appointment of counsel is necessary. Ms. Meranelli has thus far successfully presented her claims in her Complaint (ECF No. 1) with reasonable clarity, and the Court cannot know at this early stage of the litigation whether either the factual or legal basis for those claims will prove so complex that an unrepresented litigant could not prosecute those claims on her own behalf. Ms. Meranelli has also already successfully litigated a discovery dispute (*see, e.g.*, ECF Nos. 48, 54, 67), demonstrating her ability to represent herself. And at this early stage of the proceeding, there is also no reason to believe that conflicting testimony will present any difficulties. The *Crozier* factors therefore weigh in favor of denying Ms. Meranelli's request for appointment of counsel without prejudice at this stage in the proceedings. For similar reasons, the Court also declines to refer Ms. Meranelli to the Federal Bar Association at this time. Ms. Meranelli may refile her Motion, if necessary, after dispositive motions are decided.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Cherrity Honesty-Alexis Meranelli's self-styled Motion for Appointment of Counsel, or to Refer Ms. Meranelli to the FBA Pro Se Project and Notice (ECF No. [88]) is **DENIED WITHOUT PREJUDICE**.

3

Dated: June 26, 2024						*s/ Dulce J. Foster*
								DULCE J. FOSTER
								United States Magistrate Judge