UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cherrity Honesty-Alexis Meranelli,<br><br>Plaintiff,<br><br>v.<br><br>Jesse Ryan Pruette,<br>*Security Counselor assigned to the Special Services Department & Plaintiff's Primary Property Person- MSOP - sued in his official and individual capacity*,<br>Jane Does, and John Does,<br><br>Defendants. | Civ. No. 23-2260 (JWB/DJF)<br><br><br><br>**ORDER AFFIRMING MAGISTRATE JUDGE ORDER AND ACCEPTING REPORT AND RECOMMENDATION** |

---

Cherrity Honesty-Alexis Meranelli, pro se Plaintiff.

Benjamin C. Johnson, Esq., and Morgan Alexander, Esq., Office of the Minnesota Attorney General, counsel for Defendant Pruette.

---

Plaintiff Cherrity Meranelli, a Minnesota Sex Offender Program ("MSOP") resident, has sued Defendant Jesse Pruette, a security counselor at MSOP, for disallowing her a transparent lace cover-up. At issue here are (1) Pruette's motion for summary judgment (Doc. No. 133); and (2) Meranelli's motion for leave to amend the Complaint (Doc. No. 160), which was filed almost one year after the deadline had expired. (*See* Doc. No. 32.)

On March 25, 2025, the Magistrate Judge issued an Order denying Meranelli's motion to amend and a Report and Recommendation ("R&R") recommending that Pruette's motion for summary judgment be granted. (Doc. Nos. 170, 171.) Meranelli

objects to the R&R and appeals the Magistrate Judge's Order. (Doc. No. 173.)

Objections to a magistrate judge's order on non-dispositive matters are reviewed for clear error or whether they are contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3)(A). The "clear error" standard is "extremely deferential." *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). A court reviews objections to a magistrate judge's R&R on dispositive matters de novo. Fed. R. Civ. P. 72(b)(2).

The March 25, 2025 Order and Report and Recommendation have been reviewed. The Magistrate Judge correctly concluded that Meranelli's motion to amend was untimely and lacked good cause as required by Federal Rule of Civil Procedure 16(b). That decision is neither clearly erroneous nor contrary to law and is affirmed.

The recommendation to grant Pruette's summary judgment motion is accepted. Plaintiff's class-of-one equal protection claim, based on the denial of a transparent lace clothing item, fails as a matter of law. As determined in *Enquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603, 606 (2008) and applied by the Eighth Circuit in *Flowers v. City of Minneapolis*, 558 F.3d 794, 799–800 (8th Cir. 2009) and *Novotny v. Tripp Cnty.*, 664 F.3d 1173, 1179 (8th Cir. 2011), discretionary decisions—such as those involving dress code enforcement in a secure facility—do not give rise to class-of-one claims. The record confirms that Pruette acted pursuant to uniform policy and exercised discretionary judgment. (Doc. No. 136, Decl. of Benjamin C. Johnson, Ex. B; Doc. No. 137, Decl. of Jesse Pruette ¶¶ 7, 11–13.) Meranelli has not presented evidence to create a genuine issue of material fact on this issue.

Meranelli's remaining objections are unpersuasive. No admissible evidence shows a similarly situated individual that *Pruette* treated more favorably. *See Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015). Nor is there evidence that Pruette acted with discriminatory intent. A self-serving affidavit is not sufficient when contemporaneous records show otherwise. *See Davenport v. Univ. of Ark. Bd. of Trustees*, 533 F.3d 1110, 1113 (8th Cir. 2009) (stating the nonmovant must produce probative evidence). Meranelli's objections to qualified immunity and to finding the injunctive relief claims fail have likewise been reviewed, considered, and are overruled. The Magistrate Judge applied the correct legal standards throughout. Summary judgment is warranted.

## ORDER

Based on the files, records, and submissions, and for the reasons stated above,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal/Objections to the Magistrate Judge's Order and Report and Recommendation (Doc. No. 173) are **OVERRULED**;

2. The Magistrate Judge's Order Denying Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. 170) is **AFFIRMED**;

3. The March 25, 2025 Report and Recommendation (Doc. No. 171) is **ACCEPTED**; and

4. Defendant's Motion for Summary Judgment (Doc. No. 133) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: June 12, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge